

UNITED STATES DEPARTMENT OF JUSTICE

*William Ihlenfeld*
**United States Attorney**
*United States Attorney's Office*
*Northern District of West Virginia*

| United States Courthouse | | |
|---|---|---|
| 1125 Chapline Street, Suite 3000 | Phone: | (304) 234-0100 |
| P.O. Box 591 | FAX: | (304) 234-0111 |
| Wheeling, WV 26003 | | |

May 25, 2022

FILED
MAY 26 2022
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Robert G. McCoid, Esq.
McCoid Law Offices, P.L.L.C.
56-58 Fourteenth Street
Wheeling, WV 26003
robert@mccoidlaw.com

**In re:** *United States v. Christopher Thomas*, Case Number 5:22-CR-14

Dear Mr. McCoid:

This will confirm conversations with you concerning your client, Christopher Thomas (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Defendant will plead guilty to Count One of the Indictment, charging him with Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: imprisonment for a period of no more than 20 years, a fine of no more than $1,000,000, and a term of at least 3 years of supervised release.

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by

_____    5-26-22
Christopher Thomas            Date
Defendant

_____    5-26-2022
Robert G. McCoid, Esq.        Date
Counsel for Defendant

Page 1 of 7

money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3. Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that he committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), he has been adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also move to dismiss Counts Two and Three of the Indictment as they pertain to the Defendant.

_____  _5-26-22_____
Christopher Thomas              Date
Defendant

_____  _5-26-2022_____
Robert G. McCoid, Esq.          Date
Counsel for Defendant

6.   There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be.  This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.   The United States will make the following **nonbinding** recommendations:

   A.   If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B.   Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then the United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before **May 26, 2022**, and returns an executed copy to the United States by that day;

   C.   The United States will recommend that any sentence of incarceration imposed should be within the applicable guideline range.

8.   If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9.   Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total amount of drug relevant conduct is **at least 1,000 KG but less than 3,000 KG of Converted Drug Weight (Base Offense Level 30)**.  Should the DEA lab determine the methamphetamine that makes up part of this Converted Drug Weight calculation is less than 80% purity (i.e., not "Ice"), and should that determination effect the Converted Drug Weight calculation such that a lower Base Offense Level would apply, the parties agree to let the lab results control their stipulation as to the appropriate Base Offense Level.  Pursuant to Section 2D1.1(b)(1) of the Guidelines, the parties further stipulate and agree that **a two-level increase** is applicable as a dangerous weapon (firearm) was possessed.  The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not

Christopher Thomas
Defendant

Date: 5-26-22

Robert G. McCoid, Esq.
Counsel for Defendant

Date: 5-26-2022

required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

    10.    Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

    A.    Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

    B.    The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

    C.    To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

_____  
Christopher Thomas  
Defendant

_____  
Robert G. McCoid, Esq.  
Counsel for Defendant

5-26-22  
Date

5-26-2022  
Date

11.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12.     Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, Defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access Defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. Defendant further agrees that any schedule of payments imposed by the Court represents Defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If Defendant is sentenced to a period of incarceration, Defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of Defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. Defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13.     Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to the forfeiture of all property encompassed in the charging instrument's Forfeiture Allegation. Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this Agreement and the following specified property, which is property that facilitated

_____          _5-26-22_____
Christopher Thomas                                        Date
Defendant

_____          _5-26-2022_____
Robert G. McCoid, Esq.                                    Date
Counsel for Defendant

the offense of conviction, or is property constituting proceeds obtained as a result of the defendant's offense of conviction: (1) a Sig Sauer semi-automatic pistol, model P938, 9mm caliber, serial number 52B233384; (2) $4,918 in United States currency; (3) six (6) rounds of assorted 9mm ammunition originally loaded in the Sig Sauer pistol; (4) twenty-eight (28) rounds of assorted 9mm ammunition; (5) sixty (60) rounds of assorted caliber ammunition; and (6) any other associated ammunition seized on March 3, 2022.

Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by Defendant referred to, identified, or lead to the identification or location of such property. Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this Agreement, Defendant hereby withdraws any claim Defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise Defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

14. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in the United States Code for the offenses of conviction.

15. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

_____
Christopher Thomas
Defendant

_____
Robert G. McCoid, Esq.
Counsel for Defendant

_5-26-22_
Date

_5-26-2022_
Date

16.    The above fifteen (15) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By: *[signature]*
Clayton J. Reid
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

*[signature]*
Christopher Thomas
Defendant

*[signature]*
Robert G. McCoid, Esq.
Counsel for Defendant

5-26-22
Date

5-26-2022
Date

Page 7 of 7